IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

TOM TILLEY                                                                                     PLAINTIFF

V.                                      NO. 1:06CV00047-JMM

CITY OF NEWARK, ARKANSAS;
RANDY HENDRIX, Individually and in his Official
Capacity as Mayor; LARRY LANGSTON, Individually
and in his Official Capacity as City Council Member;
JIMMY CUNNINGHAM, Individually and in his Official
Capacity as City Council Member; EULOS NICHOLAS,
Individually and in his Official Capacity as City Council
Member; KIM EMERY, individually and in her Official
Capacity as City Council Member; JOYCE FITZHUGH,
in her Official Capacity as City Council Member;
MICKEY RAPER, in his Official Capacity as City Council
Member; BILL AUSTIN, in his Official Capacity as City
Council Member; TRAVIS COVINGTON, in his Official
Capacity as City Council Member; AMBER LANGSTON,
in her Official Capacity as City Council Member; and
MICHAEL POWELL, in his Official Capacity as City
Council Member                                                                              DEFENDANTS

## AGREED PROTECTIVE ORDER

Plaintiff has requested discovery of records containing sensitive personnel information. In order to permit Plaintiff adequate access to the records necessary to completely present this case herein, and, at the same time to address privacy concerns, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Counsel for Defendants has agreed to produce a complete copy of the City of Newark's personnel files upon Tom Tilley and Wayne Green.

2. Said documents shall be considered confidential;

3. All confidential records or other information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Plaintiff nor her counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action;

4. All confidential records, documents, tapes, or other information provided hereunder shall be retained in the custody of the Plaintiff's counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Plaintiff's counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the Plaintiff or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff's prosecution in this litigation;

5. If confidential documents or records are used during depositions, the depositions shall be treated as confidential in accordance with this Order.

6. Any document, information or deposition designated as confidential under this Order shall, when filed with the Court, be clearly marked "confidentialL 64 \f "WP TypographicSymbols" \s 12 sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel.

7. Plaintiff, Plaintiff's, counsel and their staff and the retained expert witness/witnesses shall not in any manner, directly or indirectly, transfer confidential records, documents or other

information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

8. Plaintiff's counsel, promptly upon completion of this litigation, or before if at such time they have no further use of the confidential information, whichever shall first occur, shall return to the Defendants all materials produced, and all copies and extracts of data from such materials;

9. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

11. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

IT IS SO ORDERED THIS  2  DAY OF  March , 2007.

James M. Moody
United States District Judge

Approved by:

/s/Michael Mosley
MICHAEL MOSLEY, Ark. Bar No. 2002099
Attorney for Defendants
Post Office Box 38
North Little Rock, AR 72115
TELEPHONE: (501) 978-6131
FACSIMILE: (501) 978-6561
EMAIL: mmosley@arml.org

AND

/s/ Lawrence W. Jackson
Kent J. Rubens
Lawrence W. Jackson
RIEVES, RUBENS, & MAYTON
P. O. Box 1359
West Memphis, AR  72303-1359
TELEPHONE:  (870) 735-3420
FACSIMILE: (870) 735-4678